UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

In re

Gabrielle Marie Turner Williams,                    Case No. 13-51463
    Debtor                                       Chapter 7

MEMORANDUM DECISION

I.     Introduction

The debtor in this case, Ms. Gabrielle Marie Turner Williams, began, but did not finish, the credit counseling briefing required by 11 U.S.C. §oh 109 before filing her Chapter 7 bankruptcy. Indeed, she did not receive a certificate of completion until eight days after filing her petition. Because the debtor did not complete the briefing before filing the petition as required by the statute, the Court must dismiss the case.

II.    Facts

Ms. Williams completed the first part of the pre-petition credit counseling course—the "online portion"—on November 29, 2013. She received a confirmation email which stated in underlined and capitalized print that she was not yet finished with the course. Nonetheless, on that same day, Ms. Williams filed her Chapter 7 bankruptcy. In her petition, Ms. Williams checked the box indicating that she received the required credit counseling before filing; however, she did not complete the second part of the counseling—the "mandatory interaction" portion—until December 7, 2013, after which she received her Certificate of Counseling. Ms. Williams filed the certificate with the Court on December 12, 2013.

III.    Analysis

Section 109(h)(1) mandates that individual debtors, within 180 days prior to filing a bankruptcy petition, receive from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlines the opportunities for available credit counseling and that assists the individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). The debtor may defer the requirement by submitting to the court a certification that, among other requirements, "describes exigent circumstances that merit a waiver" of the credit counseling requirement. *Id.* at § 109(h)(3)(A). In addition to deferring credit counseling, the court has the power to exempt a debtor altogether from the counseling requirement, but only if the debtor is unable to complete the requirement because of mental incapacity, physical disability, or active military service in a military combat zone. *Id.* at § 109(h)(4).

Here, the debtor did not submit to the Court a certification that describes exigent circumstances. The Court therefore cannot defer the credit course requirement. Likewise, the Court cannot exempt the debtor from the requirement as there has been no showing of mental incapacitation, physical disability, or active military service.

Without a deferment or total exemption, the statute is clear: the debtor must complete the required credit counseling to be eligible as a debtor. *See In re Mitrano*, 409 B.R. 812, 818 (E.D. Va. 2009) ("The credit counseling requirement is part of an overall matrix of requirements and is central, not peripheral, to the bankruptcy process since compliance with Section 109(h) is a prerequisite to obtaining relief under the bankruptcy code."); *In re Holsinger*, 465 B.R. 775, 777–78 (Bankr. W.D. Va. 2012) ("If a debtor does not satisfactorily satisfy all elements of § 109(h)(3)(A), and does not undergo credit counseling as required under § 109(h)(1), she will

be ineligible to be a debtor, and the case may be dismissed."). The language contained section 109(h) is unambiguous, leaving the Court without discretion. It is well established that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. United States Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins., Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6 (2000)). Although it appears the debtor may have had some confusion as to whether she had actually completed the course, it was her responsibility to confirm the completion of the course before filing her bankruptcy. This task she did not do, and the statute does not allow the Court to make an exception for her error. *See In re Prater*, 445 B.R. 424, 430 (Bankr. E.D. Pa. 2010) ("[The debtor] may not rely on ignorance caused by her own carelessness."). Because the debtor is ineligible, the Court is compelled to dismiss the case. *See Mitrano,* 409 B.R. at 819 (citing approvingly *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006) (concluding the proper remedy for ineligibility under section 109(h) is dismissal)); *In re Karim*, 09-11268-SSM, 2009 WL 2044694, at *2 (Bankr. E.D. Va. July 7, 2009) ("Failure to obtain the required credit counseling ordinarily requires dismissal of the case.").

IV.     Conclusion

Because the debtor did not complete the required credit counseling course before filing her Chapter 7 petition, the debtor is ineligible and the case is dismissed. The Court will issue a separate order of dismissal.

Dated:       February 4, 2014

*/s/ Rebecca B. Connelly*
Rebecca B. Connelly
United States Bankruptcy Judge

3